IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| Plaintiff, | § |
| VS. | § CRIMINAL ACTION NO. H-18-513 |
| DR. OSCAR LIGHTNER and ANDRES MARTINEZ, JR., | § |
| Defendants. | § |

**MEMORANDUM AND ORDER**

In November 2018, codefendants Dr. Oscar Lightner and Andres Martinez, Jr. each moved to dismiss the August 29, 2018, indictment. (Docket Entry Nos. 1-1, 43, 44). Lightner also moved for discovery of grand-jury minutes. (Docket Entry No. 45). The government responded. (Docket Entry Nos. 49, 50). Based on the indictment, the motions, the parties' briefs, the record, and the applicable law, the court denies the motions to dismiss and the motion for discovery, (Docket Entry Nos. 43, 44, 45), for the reasons set out below.

A grand jury indicted Lightner and Martinez for violating the Controlled Substances Act, 21 U.S.C. §§ 841 and 846. (Docket Entry No. 1-1). The indictment alleges that Lightner, a physician, was the president of Jomori Institute Incorporated, a medical treatment center, and that Martinez managed the business. (*Id*. at ¶¶ 10–12). According to the indictment, the defendants ran an illegitimate pain-management clinic out of Jomori, dispensing opioids and muscle relaxers without a lawful medical purpose. (*Id.*). The indictment charges the defendants with one count of conspiring to distribute controlled substances under 21 U.S.C. § 846. (*Id.* at at ¶ 14). It also

charges Lightner with three counts, and Martinez with two counts, of distributing controlled substances under 21 U.S.C. § 841. (*Id.* at ¶ 27).

I. **The Motions to Dismiss the Indictment**

Lightner and Martinez argue that the court should dismiss the indictment because the government allegedly failed to present exculpatory evidence to the grand jury. (Docket Entry No. 43 at 11–12; Docket Entry No. 44 at 11–13). According to the defendants, the record contains evidence that confidential informants "had a detailed medical file showing an examination by Lightner and clinic staff and documented complaints of pain." (Docket Entry No. 43 at 11; Docket Entry No. 44 at 11–12). Lightner and Martinez argue that the Drug Enforcement Agency officer who testified before the grand jury "erroneously claim[ed] that each of the [confidential informants] did not suffer from pain." (Docket Entry No. 43 at 12; Docket Entry No. 44 at 12). These defendants also contend that the officer "failed to [disclose] the non-controlled medications prescribed by Lightner[,] leaving the false impression that Lightner only prescribed" opioids and muscle relaxers. (*Id.*). Those omissions, Lightner and Martinez argue, "seriously prejudiced" them, warranting dismissal. (Docket Entry No. 43 at 12; Docket Entry No. 44 at 12–13). The government responds that the argument lacks merit because "prosecutors are not constitutionally obligated to present exculpatory evidence to the grand jury." (Docket Entry No. 49 at 3).

It is settled that a district court cannot use its supervisory powers to dismiss an indictment because the government failed to present exculpatory evidence to a grand jury. *United States v. Williams*, 504 U.S. 36, 51 (1992) ("It is axiomatic that the grand jury sits not to determine guilt or innocence, but to assess whether there is adequate basis for bringing a criminal charge. That has always been so; and to make the assessment it has always been thought sufficient to hear only the

prosecutor's side."); *see Russell v. Altom*, 546 F. App'x 432, 437 (5th Cir. 2013); *United States v. Aldridge*, No. H-10-185(1), 2011 WL 1811074, at *6 (S.D. Tex. May 10, 2011). Lightner and Martinez do not argue that prosecutorial misconduct influenced the grand jury's decision to indict. *See Bank of Nova Scotia v. United States*, 487 U.S. 250, 263 (1988). They advance the argument rejected by *Williams*, 504 U.S. at 51.

Lightner and Martinez also contend that the court should dismiss Count 1 because it "makes an impermissibly vague and sweeping conclusion that virtually every prescription written between March 2016 through August 2018 was for the purpose of unlawfully dispensing" opioids. (Docket Entry No. 43 at 12; Docket Entry No. 44 at 13). They argue that "Count 1 does not state which of the hundreds of lawful prescriptions are questionable, and makes no reference to the patient's identity, and why the prescription is unlawful," and also "fails to differentiate between the patients Lightner saw at clinics he worked as an employee with patients Lightner saw at his Jomori clinic." (Docket Entry No. 43 at 12–13; Docket Entry No. 44 at 13). The government responds that the indictment "tracks the elements outlined in 21 U.S.C. § 846 and § 841," and "details over several paragraphs [its] theory of the case and each [d]efendants' role in the [criminal enterprise]," informing Lightner and Martinez of the conspiracy and satisfying Federal Rule of Criminal Procedure 7(c)(1). (Docket Entry No. 49 at 6).

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." FED. R. CRIM. P. 7(c)(1). "The sufficiency of an indictment is judged by whether (1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, without any uncertainty or ambiguity, and (3) the charge is specific enough to protect the defendant

3

against a subsequent prosecution for the same offense." *United States v. Lavergne*, 805 F.2d 517, 521 (5th Cir. 1986); *see United States v. Green*, 964 F.2d 365, 374 (5th Cir. 1992) (an indictment satisfies Rule 7(c)(1) "if it contains [the] essential elements of [an] offense"). Even though the indictment must contain "the essential facts" of the charged crime, the defendant is not entitled to "the evidentiary details by which the government plans to establish his guilt." FED. R. CRIM. P. 7(c)(1); *United States v. Gordon*, 780 F.2d 1165, 1172 (5th Cir. 1986). The Fifth Circuit has explained that "the language of the statute may guarantee sufficiency if all required elements are included in the statutory language." *Id.* at 1171.

The conspiracy provision of the Controlled Substances Act, 21 U.S.C. § 846, reads: "any person who . . . conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy." 21 U.S.C. § 846. The indictment alleges that Lightner and Martinez conspired to violate 21 U.S.C. § 841, which provides that "it shall be unlawful for any person knowingly or intentionally . . . to distribute . . . a controlled substance." 21 U.S.C. § 841. According to the indictment, from March 2016 to August 2018, the defendants:

> did knowingly and intentionally combine, conspire, confederate, and agree with each other and with others known and unknown[,] to violate Title 21, United States Code, Section 841(a)(1), that is, to unlawfully distribute and dispense, mixtures and substances containing a detectable amount of Schedule II controlled substances, . . . not for a legitimate medical purpose.

(Docket Entry No. 1-1 at 5).

The indictment recites the elements of §§ 841 and 846 and includes four pages of facts to support the charge, including information about Lightner and Martinez, the means and purpose of the conspiracy, and when the conspiracy occurred. (Docket Entry No. 1-1 at 4–7). Count 1 meets

4

the standard established by Rule 7(c)(1). *United States v. Campbell*, 685 F.2d 131, 131 (5th Cir. 1982) ("In order to dismiss an indictment for failure to state an offense, the court must find that the indictment does not contain the elements of the offense intended to be charged.").

The defendants argue that the court should dismiss Counts 2, 3, and 4 as duplicative of Count 1, because "all of the alleged offenses were covered by the period stated in Count 1." (Docket Entry No. 44 at 13). The government responds that Counts 2, 3, and 4 are not duplicative because "each offense requires proof of different facts," and "separate punishment may be imposed in connection with each offense." (Docket Entry No. 49 at 6 (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).

The defendants' argument is foreclosed by *United States v. Felix*, 503 U.S. 378, 390–91 (1992). The Supreme Court held that the "conspiracy to commit an offense and the offense itself . . . are separate [crimes] for double jeopardy purposes." *Id.* The offenses are distinct and not duplicative.

Lastly, Lightner and Martinez argue that the court should dismiss the indictment because the Drug Enforcement Agency purportedly directed the Houston Police Department not to investigate Lightner's complaints "concerning fraudulent, and possibly stolen, prescription scripts." (Docket Entry No. 43 at 13–14; Docket Entry No. 44 at 14). The defendants contend that this improperly denied them access to exculpatory evidence. (*Id.*). The government responds that Lightner and Martinez "provide no evidence that the [Drug Enforcement Agency] gave such instructions," and that they "provide no legal basis as to why the [i]ndictment should be dismissed even if those allegations were true." (Docket Entry No. 49 at 7).

5

The court agrees. Lightner and Martinez fail to identify any support for their claim or to cite authority supporting dismissal.

## II.     Lightner's Motion for Discovery of Grand-Jury Minutes

Lightner has moved for discovery of grand-jury minutes "to order the prosecution to disclose specific information relating to [the] investigation of this case." (Docket Entry No. 45 at 1). Lightner contends that he "has a good faith basis for believing . . . abuse and defects may have occurred because the actual evidence received from the prosecution coupled with the existence of medical files of each of the patients referenced in the indictment refute the allegations in the indictment." (*Id.*). In support, Lightner restates the claim that the Drug Enforcement Agency ordered the Houston Police Department not to investigate his complaints of fraudulent and stolen scripts. (*Id.* at 4). According to Lightner, the minutes will enable him "to determine what exculpatory evidence was omitted before the grand jury." (*Id.* at 5). Lightner also reasserts the argument that a Drug Enforcement Agency officer failed to testify before the grand jury that Lightner had prescribed noncontrolled substances, inflating the percentage of opioids and muscle relaxers that he had dispensed. (*Id.*).

The government responds that Lightner fails to demonstrate "compelling necessity" required for disclosure because his "motion [relies] largely on contesting factual issues that rest within the province of the factfinder at trial," and because a defendant is not entitled to have exculpatory evidence presented to the grand jury. (Docket Entry No. 50 at 1).

Although "[f]ederal courts long have recognized that secrecy is essential to maintaining the integrity of the grand jury system," *In re Grand Jury Testimony*, 832 F.2d 60, 62 (5th Cir. 1987); *see* FED. R. CRIM. P. 6(e)(2), secrecy is not "absolute." *In re Grand Jury Testimony*, 832 F.2d at 62.

6

The "court may authorize disclosure . . . of a grand-jury matter . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." FED. R. CRIM. P. 6(e)(3)(E)(ii). "A district court may properly order release of grand jury materials [only when] a party demonstrates with particularity a 'compelling necessity' for the materials." *In re Grand Jury Testimony*, 832 F.3d at 62 (citing *Procter & Gamble*, 356 U.S. 677, 682 (1958)). A party seeking disclosure must show "that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979).

Lightner fails to make that showing. The prosecutor was not required to present exculpatory evidence to the grand jury. *Williams*, 504 U.S. at 51; *see* FED. R. CRIM. P. 6(e)(3)(E)(ii) (permitting disclosure only when "a defendant . . . show[s] that a ground may exist to dismiss the indictment"). Nor does Lightner's conclusory statement that the Drug Enforcement Agency interfered with Houston Police Department's investigation of his complaints justify disclosure. *See Anilao v. Spota*, 918 F. Supp. 2d 157, 174 (E.D.N.Y. 2013) ("[U]nspecific allegations of need or mere speculation are not adequate."). Lightner recycles the arguments he made without merit in his motion to dismiss. They fail to show "compelling necessity." *See United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 ("We have consistently construed [Rule 6(e)] to require a strong showing of particularized need for grand jury materials before any disclosure will be permitted.").

**III. Conclusion**

The court denies the defendants' motions to dismiss, (Docket Entry Nos. 43, 44), and Lightner's motion for discovery, (Docket Entry No. 45).

SIGNED on December 17, 2018, at Houston, Texas.

                                  Lee H. Rosenthal
                                  Chief United States District Judge